UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| MADISON REALTY CAPITAL, L.P., | Civil Action No.: |
| | 08 CV 4194 (PAC)(MHD) |
| Plaintiff, | |
| | **ORDER TO SHOW CAUSE WITH** |
| -against- | **TEMPORARY RESTRAINING** |
| | **ORDER** |
| TRACY SUTTLES, | |
| Defendant. | |

------------------------------------------------------------

Upon the Affidavit of John Sorel, sworn to on April 29, 2008, the Affidavit of Leo V. Leyva sworn to on May 8, 2008, and upon the copy of the Verified Complaint hereto annexed,

ORDERED, that the above named defendant show cause before a motion term of this Court, at Room ____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____ ___, 2008 at _____ o'clock in the _____noon thereof, why an Order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

(i) Directing defendant Tracy Suttles ("Suttles"): (a) to immediately deliver and turn over to Madison Realty Capital, L.P. ("Madison") all of the assets, property, accounts, deposits, contracts, receivables, fees, investments, books and records, and all other documentation and information relative to each and all of SE Marina Way Partnership, L.P. ("Marina") and SE Marina Way, LLC, including, but not limited to, all of their income, cash flow, profits, capital distributions, all of which have been pledged by Suttles as collateral security for a $10,750,000 loan by Madison, which is in default, and (b) to immediately instruct the tenants of the marina owned and operated by SE Marina Way Partnership, L.P., and all persons maintaining open accounts with SE Marina Way Partnership, L.P., or with whom SE Marina Way Partnership, L.P.

does business on an "accounts receivable" basis, to deliver all payments due under such accounts to a lock box address to be specified by Madison, all as required by and pursuant to that certain Cash Management Agreement executed by and between the parties;

(ii) Enjoining Suttles, his agents, employees, representatives, and all those acting in concert with and on behalf of him, during the pendency of this action, from transferring, hypothecating, selling, pledging, assigning or otherwise disposing of his ownership interests in Marina or SE Marina Way, LLC, or any and all of the assets, accounts, property, cash flow, rents, income, profits, deposits, receivables, fees, investments, contracts, books and records of Marina and SE Marina Way, LLC; and it is further

ORDERED, that defendant Suttles shall appear for a deposition upon oral examination, at the offices of plaintiff's counsel, within seven (7) days of this Order, for the purpose of giving sworn testimony relating to the nature and location of the aforesaid collateral security, and the identity of the persons who maintain or possess the books and records relating to the aforesaid collateral security, and directing that defendant Suttles produce and bring with him to the deposition all documents in his possession which relate to or identify the aforesaid collateral security; and it is hereby

ORDERED that, sufficient reason having been shown therefore, pending the hearing and determination of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed.R.Civ.P., defendant and all those acting in concert with and on behalf of him, be, and hereby are, enjoined from transferring, hypothecating, selling, pledging, assigning or otherwise disposing of his ownership interests in Marina or SE Marina Way, LLC, or any and all of the assets, accounts, property, cash flow, rents, income, profits, deposits, receivables, fees, investments, contracts, books and records of Marina and SE Marina Way, LLC; and it is further

ORDERED that, sufficient reason having been shown therefore, pending the hearing and determination of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed.R.Civ.P., defendant and SE Marina Way Partnership, L.P. are hereby directed to immediately instruct the tenants of the marina owned and operated by SE Marina Way Partnership, L.P., and all persons maintaining open accounts with SE Marina Way Partnership, L.P., or with whom SE Marina Way Partnership, L.P. does business on an "accounts receivable" basis, to deliver all payments due under such accounts to a lock box address to be specified by Madison, all as required by and pursuant to that certain Cash Management Agreement executed by and between the parties; and it is further

ORDERED that security in the amount of $_____ be posted by the plaintiff prior to _____ \_\_\_, 2008, at _____ o'clock in the _____noon of that day; and it is further

ORDERED that, personal service of a copy of this Order and the annexed affidavits upon the defendant or his counsel on or before _____ o'clock in the _____noon, _____ \_\_\_, 2008, shall be deemed good and sufficient service thereof; and it is further

ORDERED that answering papers, in any, shall be delivered to Plaintiff's counsel and be filed with the Court in such manner that they will receive them no later than _____days prior to the return date hereof.

DATED:     New York, New York             E N T E R
           _____ \_\_\_, 2008

                                          _____
                                          United States District Judge