UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| MADISON REALTY CAPITAL, L.P., | Civil Action No.: 08 CV 4194 (PAC)(MHD) |
| Plaintiff, | |
| -against- | **AFFIDAVIT OF LEO V. LEYVA IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER AWARDING IMMEDIATE POSSESSION OF COLLATERAL SECURITY** |
| TRACY SUTTLES, | |
| Defendant. | |

-----------------------------------------------------------

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

LEO V. LEYVA, being duly sworn, deposes and says:

1. I am a member of the firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., attorneys for the plaintiff herein, Madison Realty, L.P. ("Madison"). I submit this affidavit in support of Madison's motion, by Order to Show Cause, for an Order awarding, among other requested relief, immediate possession of certain collateral security pledged by defendant Tracy Suttles ("Suttles") as security for a defaulted $10,750,000 loan made by Madison Realty to Suttles and various entities controlled by him.

2. Madison commenced this action in the Supreme Court of the State of New York, New York County on April 30, 2008, by the filing of a summons and verified complaint, a true copy of which, without exhibits, is annexed hereto as Exhibit A.

3. Suttles removed this action from the New York Supreme Court on diversity grounds by Notice of Removal dated May 2, 2008, a true copy of which, without exhibits, is annexed hereto as Exhibit B.

4. Madison is moving by Order to Show Cause, because, as set forth in the accompanying Memorandum of Law, it requires a Temporary Restraining Order prohibiting

Suttles from transferring, assigning, or otherwise secreting Madison Realty's collateral pending the hearing and determination of this motion. In addition, Madison seeks an Order requiring Suttles and SE Marina Way Partnership, L.P. to immediately instruct the tenants of the marina owned and operated by SE Marina Way Partnership, L.P., and all persons maintaining open accounts with SE Marina Way Partnership, L.P., or with whom SE Marina Way Partnership, L.P. does business on an "accounts receivable" basis, to deliver all payments due under such accounts to a lock box address to be specified by Madison so that Madison may effectively exercise its rights under the applicable Cash Management Agreement between the parties.

5.	No prior request has been made for the relief sought herein in this Court. Madison presented an Order to Show Cause seeking the same relief to the New York State Supreme Court, but the application was never heard by that Court in light of the removal of the action.

6.	In addition to this action, Madison has also commenced an action on the underlying Note and Suttles' guaranty by the filing of a Summons with Notice of Motion for Summary Judgment in the New York State Supreme Court on April 30, 2008, under Index No. 601305/2008.

45468/0010-3110221v1

      7.     Suttles' counsel, David B. Grantz, Esq. of Meyner & Landis LLP, was notified of Madison's intention to file the instant application for injunctive relief.

_____<br>Leo V. Leyva

Sworn to before me
this 8th day of May, 2008.

_____
Notary Public

Nolan E Shanahan
Notary Public, State of NY
No. 02SH5050730
Qualified in New York County
Commission Expires 10/16/09

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| MADISON REALTY CAPITAL, L.P., | Index No.     /2008 |
| Plaintiff, | Date Purchased: |
| -against- | **SUMMONS** |
| TRACY SUTTLES, | |
| Defendant. | |

-------------------------------------------------------------

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York).

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:   New York, New York
         April 29, 2008

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Plaintiff,
Madison Realty Capital, L.P.

By: _____
    Leo V. Leyva
    Ross J. Ellick
    900 Third Avenue
    New York, New York 10022-1906
    (212) 752-8000

TO:

TRACY SUTTLES
3 Willowick Circle
Houston, Texas 77024-7524

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------
MADISON REALTY CAPITAL, L.P.,                    Index No.       /2008

                Plaintiff,

                                                           **VERIFIED COMPLAINT**

   -against-

TRACY SUTTLES,

                Defendant.
--------------------------------------------------------------------

Plaintiff, Madison Realty Capital, L.P. ("Madison" or "Plaintiff"), by its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for its Verified Complaint against defendant Tracy Suttles ("Suttles" or "Defendant"), alleges and states as follows:

### STATEMENT OF THE CASE

1. This is an action for the turnover by the Suttles of partnership and limited liability company interests owned by him, and pledged by him as collateral security for a $10,750,000 defaulted loan by Madison to entities owned and controlled by Suttles, specifically: SE Marina Way Partnership, L.P. ("Marina"); Pirate's Lake, Ltd. ("Pirate's Lake); 7500 Bellaire Mall, L.P. ("7500 Bellaire Mall"); 6425 Gess Ltd.; Wildflower TDS, L.P.; Shalamar San Marcos Properties, Ltd.; Windsor TDS, L.P.; and 9632 Partners Ltd.; (collectively, the "Obligors").

### PARTIES

2. Madison is, and at all relevant times hereafter mentioned was, a limited partnership organized under and by virtue of the laws of the State of Delaware, having an office at 825 Third Avenue, 37th Floor, New York, NY 10022.

3.     Upon information and belief, defendant Tracy Suttles is, and at all relevant times hereafter mentioned was, an individual who resides at 3 Willowick Circle, Houston, Texas 77024-7524.

4.     Pursuant to a promissory note, dated January 29, 2007 (the "Note"), made by Suttles and the other Obligors and delivered to Madison, Suttles and the other Obligors became bound and obligated to pay Madison the sum of $10,750,000, together with interest at the rate set forth in the Note.

5.     By his written guaranty dated January 29, 2007, Suttles is also the guarantor of the indebtedness owed to Madison by all of the Obligors pursuant to the Note.

6.     Pursuant to a Deed of Trust and Security Agreement, dated January 29, 2007 ("Deed of Trust"), Marina, and its co-obligors Pirate's Lake and 7500 Bellaire Mall, conveyed certain property to a designated trustee, in trust, as collateral security for Obligors' obligations under the Note.

7.     The property interests conveyed by Marina, Pirate's Lake, and 7500 Bellaire Mall under the Deed of Trust include, but are not limited to: (i) a valid duly perfected first mortgage lien on property owned and conveyed by Marina (the "Marina Property"); (ii) a valid duly perfected subordinate lien on property in Harris County, Texas, owned and conveyed by 7500 Bellaire Mall (the "Sharpstown Mall"); and (iii) a valid duly perfected subordinate lien on property owned and conveyed by Pirate's Lake (the "Pirate's Lake Property").

8.     As additional collateral security for the Obligors' obligations to Madison under the Note and Deed of Trust, on January 29, 2007 Suttles executed and delivered to Madison a Pledge and Security Agreement (Partnership Interests), pursuant to which Suttles pledged to Madison, and granted to it a security interest in, all of his right, title and ownership interest in

2

Marina including, without limitation: (i) all of his interest in the capital of Marina and in all of the profits and distributions of Marina to which Suttles shall at any time be entitled; and (ii) all of his right, title and interest to the assets of Marina including, without limitation, real property, profits, revenues, operating accounts, account receivables, fixtures, chattels and articles of personal property.

9. Madison perfected its security interest in Suttles' ownership interest in Marina by filing with the Texas Secretary of State a UCC-1 Financing Statement.

10. As further collateral security for the Obligors' obligations to Madison under the Note and Deed of Trust, on January 29, 2007 Suttles also executed and delivered to Madison a Pledge and Security Agreement (Membership Interests), pursuant to which Suttles pledged to Madison, and granted to it a security interest in and transferred to Madison as collateral security, all of his 100% membership interest in SE Marina Way, LLC, the general partner of Marina, including, without limitation: (i) all of Suttles' interest in the capital of SE Marina Way, LLC and all of profits and distributions of Marina to which Suttles shall at any time be entitled; and (ii) all of his right, title, and interest to the assets of Marina, including, without limitation, real property, profits, revenues, operating accounts, account receivables, fixtures, chattels and articles of personal property.

11. Madison perfected its security interest in Suttles' membership interests in SE Marina Way, LLC by filing with the Texas Secretary of State a UCC-1 Financing Statement.

12. Because SE Marina Way, LLC is wholly owned by Suttles, and Marina is owned by Suttles (99%) and SE Marina Way, LLC (1%), pursuant to both of the aforesaid Pledge and Security Agreement (collectively, the "Pledge Agreements"), and the aforementioned UCC-1 filings, Madison has duly perfected security interests in 100% of the ownership interests of

Marina. The pledged ownership interests in Marina and SE Marina Way, LLC shall collectively be referred to herein as the "Pledged Interests."

13. By a letter to the Obligors, dated March 22, 2007, Madison provided due notice to the Obligors, including Suttles, of certain defaults under the Note and Deed of Trust, including, but not limited to, the conveyance by 7500 Bellaire Mall of the Sharpstown Mall to an entity called Urban Mall Houston, LP, which conveyance was made on the very day that the Note, Deed of Trust, Pledge Agreements and the other related loan documents were executed by Obligors and delivered to Madison. This transfer constitutes a violation of Section 10(b) of the Deed of Trust, and, along with the other events described in the March 22, 2007 notice, constituted Events of Default under Section 21 of the Deed of Trust. As such, these defaults are also Events of Default under the Note and both of the Pledge Agreements.

14. Also pursuant to the March 22, 2007 written notice, Madison provided the Obligors with an opportunity to cure the noticed defaults within thirty (30) days.

15. Obligors did not cure the defaults, however, and, by letter dated July 2, 2007, Madison, through its attorneys, sent a notice of acceleration of the indebtedness due under the Note.

16. As the result of the Obligors' default, and Madison's acceleration of the indebtedness owed under the Note, Madison commenced foreclosure proceedings against the Marina Property in Galveston County, Texas, and a foreclosure sale was noticed and posted for October 2, 2007.

17. Subsequently, the Obligors requested of Madison that it postpone the foreclosure of the Marina Property, and that it not seek to foreclose the Pirate's Lake Property, until the first

Tuesday in December, 2007. In exchange, the Obligors promised to pay the entire unpaid balance of the Note by November 30, 2007.

18. Consequently, pursuant to a written Forbearance Agreement, dated September 28, 2007, Madison granted the Obligors' request and, among other things, agreed to forbear from foreclosing the Marina Property and the Pirate's Lake Property, subject to the terms set forth therein.

19. By entering into and executing the Forbearance Agreement, the Obligors, and each and all of them, including Suttles, expressly acknowledged and agreed as follows:

> (i) that the Note was properly accelerated by Madison; and
>
> (ii) that the Obligors were indebted to Madison, as of September 21, 2007, in the principal amount of $10,062,850.97, together with accrued and unpaid interest of $556,811.09.

20. Neither Suttles nor any of the Obligors repaid the loan in full by November 30, 2007, as required by the Forbearance Agreement, resulting in the termination of the forbearance period. Madison is therefore entitled to enforce any and all of its rights under any and all of the loan documents.

**FOR A FIRST CAUSE OF ACTION**
**(FOR THE IMMEDIATE TURNOVER**
**TO MADISON OF ALL PLEDGED COLLATERAL)**

21. Madison repeats and realleges each of the allegations contained in paragraphs 1 through 20 above, as if set forth at length herein.

22. Obligors' default upon the Note constitutes a default by Suttles of each and both of the Pledge Agreements.

5

23. Madison has duly perfected security interests in the Pledged Interests in each and both of Marina and SE Marina Way, LLC.

24. Each and both of the Pledge Agreements provide that in the event of a default thereunder, Madison shall be entitled to enforce its security interests in the Pledged Interests, and to take immediate possession of all pledged collateral.

25. Based upon the foregoing, Madison is entitled to immediate possession of the Pledged Interests in Marina and SE Marina Way, LLC, including but not limited to any and all assets, profits, revenues, property, accounts, deposits, contracts, receivables, fixtures, fees, investments, books and records, and all other documentation and information relative to each of Marina and SE Marina Way, LLC.

45468/0010-3109926v2

WHEREFORE, Madison demands that judgment be entered against the Defendants as follows:

(A) On the First Cause of Action, awarding Madison the immediate turnover and possession all of the Pledged Interests in Marina and SE Marina Way, LLC;

(B) Awarding Madison its costs, expenses and disbursements, including but not limited to its reasonable attorneys' fees incurred in connection with its enforcement of its rights under the Pledge Agreements;

(C) Awarding such other and further relief as this Court deems just and proper.

DATED: New York, New York
April 29, 2008

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Plaintiff,
Madison Realty Capital, L.P.

By: _____
Leo V. Leyva
Ross J. Ellick
900 Third Avenue
New York, New York 10022-1906
(212) 752-8000

TO:

TRACY SUTTLES
3 Willowick Circle
Houston, Texas 77024-7524

7

## VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK       )

JOHN J. SOREL, being duly sworn, deposes and states that he is a Managing Director of Madison Realty Capital Advisers, the authorized servicer for plaintiff Madison Realty Capital, L.P., and is authorized to make this verification on plaintiff's behalf; that he has reviewed the Verified Complaint dated April 29, 2008 and the same is true to his own personal knowledge, except as to matters therein stated on information and belief and, as to those matters, he believes them to be true.

MADISON REALTY CAPITAL<br>
ADVISORS, LLC, authorized servicer for<br>
MADISON REALTY CAPITAL, L.P.<br>
<br>
By: John J. Sorel<br>
Title: Managing Director

Sworn to before me this
29th day of April, 2008.

Notary Public

SHOSHANA T. CARMEL
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01CA6153596
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES OCT. 10, 2010

8

45468/0010-3109926v2

# EXHIBIT B

**08 CV 4194**

NEW YORK
COUNTY CLERK'S OFFICE

MAY 02 2008

NOT CONFORMED
WITH COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAY 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

---

MADISON REALTY CAPITAL, L.P.,

Plaintiff,

v.

TRACY SUTTLES,

Defendant.

---

**NOTICE OF REMOVAL
OF ACTION UNDER
28 U.S.C. §1441 (DIVERSITY)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Tracy Suttles hereby removes to the United States District Court for the Southern District of New York the state court action described below.

1. On April 30, 2008, an action was commenced in the Supreme Court of the City of New York in the County of New York entitled Madison Realty Capital, L.P., *plaintiff* vs. Tracy Suttles, *defendant*, as Index Number 601303/2008. A copy of the Verified Complaint is attached hereto as Exhibit "A".

2. Defendant Tracy Suttles first received a copy of said verified complaint on May 1, 2008, when defendant was served with a copy of the said Verified Complaint and a summons from said state court. A copy of the summons is attached hereto as Exhibit "B".

3. This is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court, therefore,

has original jurisdiction over this action under 28 U.S.C. § 1332, and the action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441.

4.   Plaintiff Madison Realty Capital, L.P. is a limited partnership organized under and by virtue of the laws of the State of Delaware, having an office at 825 Third Avenue, 37th Floor, New York, NY 10022

5.   Defendant Tracy Suttles is an individual Texas resident with an address at 3 Willowick Circle, Houston, Texas 77024-7524.

Dated: May 2, 2008

NEW YORK
COUNTY CLERK'S OFFICE

MAY 02 2008

NOT COMPARED
WITH COPY FILE

David B. Grantz
Meyner and Landis LLP
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 624-2800
DBG 1967
Attorneys for Defendant
Tracy Suttles

Alternate Address:
333 Earle Ovington Boulevard, Suite 608
Uniondale, New York
Phone: (516)-683-0171

2