UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MADISON REALTY CAPITAL, L.P.,

    Plaintiff,

v.

TRACY SUTTLES,

    Defendant.

---

Civil Action No.:
08 CV 4194 (PAC) MHD)

## MEMORANDUM OF LAW

David B. Grantz
Meyner and Landis LLP
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 624-2800
DBG 1967
Attorneys for Defendant
Tracy Suttles

Alternate Address:
333 Earle Ovington Boulevard, Suite 608
Uniondale, New York
Phone: (516)-683-0171

On the Brief
    David B. Grantz

## ARGUMENT

Suttles objects to the relief requested in the pending Order to Show Cause. Madison seeks to obtain a pre-judgment remedy without a valid justification establishing the need for immediate pre-judgment relief. Not a single fact presented establishes the prerequisite irreparable injury to Madison that would give rise to the need for immediate injunctive relief against Suttles.

Assuming New York[1] law applies, the standard for injunctive relief in the Second Circuit is well settled[2]. The Plaintiff must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." See Baron Atlantic Ltd. v. Esther Marrow, 898 F.Supp. 242 (U.S.S.D of NY 1995), citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2nd Cir. 1979).

Where is the irreparable injury to Madison that justifies the preliminary injunctive relief? What act has Suttles done or continued to do that is in violation of Madison's rights and will tend to render a future judgment ineffectual? Madison has failed to present facts that support the conclusion that Suttles has caused or will cause irreparable injury or has done an action in

---

[1] At this juncture, Suttles is not prepared to concede that New York law applies over Texas law, particularly considering the relief requested directly affects property in Texas and may be governed by real property statutes in Texas that supercede New York or Federal Law.

[2] CPLR §6301. Grounds for preliminary injunction and temporary restraining order, provides "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to plaintiff. A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had."

violation of Madison's rights that will tend to render a judgment in Madison's favor, ineffectual. There is no allegation that Suttles has dissipated assets or will dissipate assets. There is no allegation that Suttles has mismanaged the property encumbered by Madison's liens or failed to pay real property taxes or insurance which would result in a loss of value to the collateral held by Madison. Nothing in the record supports irreparable harm to Madison. Moreover, Suttles swears that Madison's loan is over collateralized. See Suttles Aff.

The Affidavit of John J. Sorel in Support of Motion For an Order Awarding Immediate Possession of Pledged Collateral, and Injunctive Relief does not provide a single fact that would establish "irreparable harm". Although, the Sorel Affidavit recites the basis for the relief requested based upon the various loan documents, he entirely fails to address the standard of "irreparable harm" under New York law and solely relies on the language of the loan documents.

Madison's brief also misses the mark. Madison relies upon the terms of the loan documents, but fails to address the standard for injunctive relief in its brief. Madison states, "[t]here can be no doubt that in the absence of the requested relief, to which Madison is contractually entitled, Madison will suffer severe and irreparable harm. Suttles has previously blatantly diverted and secreted Madison Realty's collateral (he caused 7500 Bellaire Mall to transfer The Sharpstown Mall Property, for no consideration, on the very day that it was conveyed in trust to Madison by the Deed of Trust (See, Sorel Affidavit ¶13) and in the absence of the requested injunctive relief, he will no doubt attempt to do so again, especially considering the Note Action has been commenced and is proceeding expeditiously." This purported predilection of Suttles to defraud creditors is the sole basis for the requested injunctive relief. Suttles disputes the assertion that he defrauded Madison in any way. See Suttles Affidavit.

3

Suttles acknowledges the transfer of the property, but Madison was not defrauded. The transfer was determined not to be a fraudulent conveyance by the United States Bankruptcy Court Southern District of Texas and Madison remains in the identical collateral position as it would have been had no transfer occurred. When the Mall was transferred the recipient entity assumed all debts and liabilities relating the transferred property. See Suttles Affidavit. Madison was not damaged by this transfer and the implication that Suttles has a bad character and is predisposed to transfer other property cannot be supported by any facts and is pure speculation on Madison's part.

Even if we give Madison the benefit of the doubt, their basis for irreparable harm is based upon the speculation that Suttles "will no doubt attempt to do so again". That prediction does not give rise to irreparable harm. No evidence is presented that even remotely suggests that Suttles has attempted to transfer ownership in Marina or Marina LLC to avoid Madison's debt and Suttles swears that he has not done so. See Suttles Affidavit. Even if Suttles attempted to make such a transfer at this juncture, the present circumstances dictate that any such attempted transfer would not have any effect on Madison's current collateral position because Suttles cannot transfer any ownership interests without the liens encumbering such interests continuing and attaching. Suttles cannot avoid Madison's liens by simply transferring the property or his ownership interests to another person or entity. Madison already has all the protection that it needs, no irreparable harm will occur if this Order is denied, and Madison has sufficient collateral protection. Thus, there will be no prejudice to Madison if the injunctive relief is denied.

Madison cannot effectuate a non-judicial foreclosure in Texas on the properties owned by

4

SE Marina Way Partnership, LP d/b/a Marina Del Sol ("SE Marina") and Marina LLC because the Deed of Trust contains an alleged mis-description of the property, which Madison presently seeks to rectify. See Affidavit of David B. Grantz In Opposition to Order to Show Cause, ¶2. Thus, until that mis-description is reformed, the properties owned by SE Marina and Marina LLC cannot be foreclosed by Madison. Nevertheless, Madison seeks to take control of the entities by an Order from this New York court, rather than proceed with their suit for money damages and their statutory right to non-judicial foreclosure under the Texas Property Code. See Texas Property Code §51.002.

Conversely, if the Court grants the application and enjoins Suttles, he will suffer considerable undue prejudice. Madison demands that Suttles immediately deliver all assets, etc. of both SE Marina and Marina, LLC, including all income and cash flow from the properties owned by SE Marina and Marina LLC. Madison also seeks to have all rents and accounts receivable directed to a lockbox. The requested relief will impair the collateral and potentially could destroy the value. Moreover, Madison fails to consider the monthly expenses, taxes, insurance, common area maintenance or any other operating costs for the properties. Essentially, Madison seeks to obtain control over the properties and could potentially run the properties into the ground by mismanagement before they even have a judgment against Suttles or either of these entities. Madison has not indicated how the monthly operating expenses will be covered if the rents and accounts receivable are directed to a lockbox and not used to operate the properties. Who will be responsible for day to day operations? Who will pay the taxes, electric, insurance and other expenses? The prejudice to Suttles far outweighs the need for immediate relief sought by Madison.

By demanding payments be made into a lockbox, Madison seeks to become a mortgagee in possession. In doing so, Madison makes an end run around Texas Receiver Law TCPRC Sec. 64.003, which specifically precludes courts outside Texas from appointing receivers for property located in Texas.[3] Additionally, Madison does not present this Court with any of the typical concerns that a lender would present in looking for rents or a rent receivership. No evidence that Suttles has failed to pay real property taxes, insurance, water/sewer charges or any other property maintenance expense that would detrimentally affect Madison's lien position. Moreover, Suttles confirms that he has maintained the property in a commercially reasonable and prudent manner. See Suttles Affidavit. Madison should not be permitted to circumvent Texas law, which mandates that a Court outside the state of Texas may not appoint a receiver for property located in Texas. See Texas Receiver Law TCPRC Sec. 64.003.

Additionally, as discussed above, Madison does not presently have a valid lien under the Deed of Trust. Even though Sorel asserts that Madison has a "valid duly perfected first mortgage lien on property owned and conveyed by Marina", such is not the case. In fact, Madison has commenced a reformation action in New York State Court bearing Index No. 601304/08 to reform the Deed of Trust. See Grantz Affidavit. According to the Reformation Action, the description of the collateral property owned by Marine and Marine LLC is missing a

---

[3] Paragraph 14 of the Assignment of Leases and Rents (the "Assignment of Rents") mandates that the Assignment shall be governed and construed in accordance with the laws of the State of New York and/or the State of Texas, at the Assignee's sole discretion. Texas has specifically codified law that does not permit a Court outside of Texas to appoint a receiver for property in Texas. The Governing law provision in the Assignment of Rents, does not state that it is without regard to conflicts of law provisions. Clearly, Texas has an overriding interest in the appointment of rent receivers for property in Texas and this application should have been directed to a Texas court, rather than a New York Court. This Court should not permit the appointment of a receiver and should not permit Madison to be a mortgagee in possession for the practical reasons set forth above.

page. Thus, presently, Madison technically does not have a lien on Reserves "B", "C", "D", and "E" owned by SE Marine and Marine LLC. Suttles is investigating whether this was simply a mis-description/scrivener's error, as alleged, or whether these tracts were never intended to be part of the collateral package provided to Madison. That investigation is ongoing. Thus, Madison's demand of the rents and accounts receivable from the properties owned by Se Marine and Marine LLC is premature. Until such time as Madison has an actual lien (perfected lien) on Reserves "B", "C", "D", and "E", they have no right to the rent and accounts receivable from these tracts. Reformation must be completed before Madison is entitled to recover rent and accounts receivable from these properties. Thus, this application is entirely premature.

## CONCLUSION

Finally, in the event that the Court finds "irreparable injury" and enters any preliminary injunction against Suttles, then Madison should be required to comply with Federal Rule of Civil Procedure 65(c), entitled "Security" which provides "No . . . preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Plaintiff has presented no provisions for security protection to Suttles or SE Marine and Marine LLC. If Madison takes control of these properties and causes damage to the assets or the tenants vacate because of mismanagement or some other damage occurs, Madison should be held responsible and should have a bond posted to protect Suttles and SE Marine and Marine LLC.

Based upon the foregoing, Defendant Tracy Suttles, respectfully requests that the Order to Show Cause be denied in its entirety.

David B. Grantz
Meyner and Landis LLP
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 624-2800
DBG 1967
Attorneys for Defendant
Tracy Suttles

Alternate Address:
333 Earle Ovington Boulevard, Suite 608
Uniondale, New York
Phone: (516)-683-0171

Dated: May 16, 2008