| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

# AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared TRACY SUTTLES, who, having been duly sworn upon his oath, did depose and state as follows:

"My name is Tracy Suttles. I am over 18 years of age, and am otherwise fully competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

"I am the sole Limited Partner, and own and control the General Partner of SE marina Way LP ("Marina Way") and am familiar with the disputes that have arisen with Madison Realty Capital LP ("Madison"). I participated in the negotiations and execution of several prior Forbearance Agreements with Madison. I also own and/or control Urban Mall Houston, L.P. ("Urban Mall"), the entity which currently owns the Sharpstown Mall property in Houston, Texas, against which Madison holds a second lien as part of the same financing and collateral package secured by Madison's first lien interest in and to the Marina Way property.

"I am a party in one or more adversary proceedings in the Urban Mall Houston LP Chapter 11 bankruptcy pending in Houston, Texas styled: Case No. 07-20368; *In re: Urban Mall Houston, LP*; In the United States Bankruptcy Court, Southern District of Texas, Houston Division. Urban Mall was the debtor in possession from July, 2007 until a Trustee was appointed in March, 2008. I am familiar with the creditor claims asserted in the bankruptcy proceeding.

"Madison has filed a Proof of Claim in the Urban Mall bankruptcy as a secured creditor for the same debt they are attempting to enforce in the pending New York action(s).

"In February, 2007, the Sharpstown Mall property ("the Mall") was conveyed by General Warranty Deed from 7500 Bellaire Mall LP to Urban Mall Houston LP in anticipation of closing on

pending refinancing, into a new, single asset entity. Pursuant to said General Warranty Deed, Urban Mall expressly assumed and was subject to all outstanding debts and liabilities on the Mall, including but not limited to a $33 M first lien and the second lien held by Madison. The transfer was not made to hinder or defraud any creditor.

"The Madison loan had an interest reserve sufficient to debt service the loan through February, 2008. Madison declared a non-monetary default on the loan, not due to any monetary default, but because, ostensibly, the Mall property, which partially secured the note, was conveyed to Urban Mall.

"The validity of the transfer of the Mall to Urban Mall has been adjudicated and upheld by the bankruptcy court, and no secured lien interests were impaired as a consequence of said transfer.

"I have not transferred title to the Marina Way property since the inception of the loan. Title is vested in SE Marina Way Partners L.P., and Madison's collateral has not been impaired. The Madison loan is more than adequately secured with multiple properties with fair market values exceeding the current balance due on the loan.

"Madison is actively pursuing its collection efforts in the bankruptcy proceeding, but has, to date, not exercised its statutory right to non-judicially foreclose on the subject property. Until the filing of the pending New York actions, I am unaware of any other enforcement action undertaken by Madison since the November, 2007 expiration of the last Forbearance Agreement.

"The Marina Way property has been and is being operated in a commercially reasonable and prudent manner. The cash flow from the property is necessary to continue to pay vendors, operating costs, taxes and insurance."

Further, Affiant sayeth not.

_____
TRACY SUTTLES

SUBSCRIBED AND SWORN to before me on this the 16th day of May, 2008, to certify which witness my hand and seal of office.

_____
Notary Public In and For
the State of Texas

ANGELIQUE B. CUNNINGHAM
MY COMMISSION EXPIRES
January 11, 2009