UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADISON REALTY CAPITAL, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>TRACY SUTTLES,<br><br>Defendant. | *Civil Action*<br><br>**<u>AFFIDAVIT OF DAVID B. GRANTZ IN OPPOSITION TO ORDER TO SHOW CAUSE</u>** |

I, DAVID B. GRANTZ, of full age, being sworn on his oath, deposes and says:

1. I am an attorney duly admitted to practice law in the State of New York and am a Partner with the law firm of Meyner and Landis LLP, attorneys for Defendant Tracy Suttles ("Suttles"). I submit this Affidavit in Opposition to Plaintiff Madison Realty Capital, L.P.'s motion by Order to Show Cause.

2. In addition to this action, Madison has also commenced an action for reformation of the Deed of Trust by filing a Summons and Verified Complaint in the New York State Supreme Court on April 30, 2008, under Index No. 601304/08. Copies of the Summons and Verified Complaint (without exhibits) are attached hereto as Exhibit A.

_____
DAVID B. GRANTZ

Sworn to and subscribed before
me, this 16th day of May, 2008

_____
CAROL J. RICHTER
NOTARY PUBLIC OF NEW JERSEY
My Comm. Expires July 1, 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MADISON REALTY CAPITAL, L.P.,

        Plaintiff,

-against-

SE MARINA WAY PARTNERSHIP, LP d/b/a
MARINA DEL SOL, PIRATE'S LAKE, LTD.
and 7500 BELLAIRE MALL LP,

        Defendants.

---

Index No. 601304 /2008

Date Purchased: 4/30/08

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York).

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
             April 30, 2008

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By: _____
Leo V. Levya
Ross J. Ellick
Attorneys for Plaintiff
Madison Realty Capital, L.P.
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000

*NEW YORK COUNTY CLERK'S OFFICE*
*APR 30 2008*
*NOT COMPARED WITH COPY FILE*

45468/0010-3110066v1

TO:

SE MARINA WAY PARTNERSHIP, L.P.
c/o Bernie Ray, Registered Agent
4550 Post Oak Place
Suite 112
Houston, Texas 77027

PIRATE'S LAKE LTD.
c/o David Hannah, Registered Agent
9639 Judalon Lane
Houston, Texas 77063

7500 BELLAIRE MALL L.P.
c/o Bernie Ray, Registered Agent
4550 Post Oak Place
Suite 112
Houston, Texas 77027

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| MADISON REALTY CAPITAL, L.P., | Index No.    /2008 |
| Plaintiff, | |
| -against- | **VERIFIED COMPLAINT** |
| SE MARINA WAY PARTNERSHIP, LP d/b/a MARINA DEL SOL, PIRATE'S LAKE, LTD. and 7500 BELLAIRE MALL LP, | |
| Defendants. | |

-----------------------------------------------------------------

Plaintiff Madison Realty Capital, L.P. ("Madison" or "Plaintiff"), by its attorneys Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for its Verified Complaint against defendants SE Marina Way Partnership, LP d/b/a Marina Del Sol ("SE Marina"), Pirate's Lake, Ltd. ("Pirate's Lake"), and 7500 Bellaire Mall LP ("Bellaire Mall")(collectively, "Defendants"), alleges and states as follows:

1. Madison is a Delaware limited partnership, with an office at 825 Third Avenue, 37th Floor, New York, New York.

2. SE Marina is a Texas limited partnership, with its principal place of business in Houston, Texas.

3. Pirate's Lake is a Texas limited partnership, with its principal place of business in Houston, Texas.

4. Bellaire Mall is a Texas limited partnership, with its principal place of business in Houston, Texas.

5. On January 29, 2007, a promissory note (the "Note") in the original principal amount of $10,750,000 was executed by SE Marina Way, Pirate's Lake, Bellaire Mall , 6425 Gess, Ltd. ("Gess"), Wildflower TDS, L.P. ("Wildflower"), Shalamar San Marcos Properties,

Ltd. ("Shalamar"), Windsor TDS, L.P. ("Windsor"), 9632 Partners, Ltd. ("9632 Partners"), and Tracy Suttles ("Suttles"), collectively as Maker, and Madison Realty, as Payee. (A true and accurate copy of the Note is annexed hereto as Exhibit A).

6.  The Note is secured by valid, duly perfected liens on and security interests in real and personal property in Harris County and Galveston County, Texas. Contemporaneous with the execution of the Note, a Deed of Trust and Security Agreement (the "Madison Deed of Trust") and an Assignment of Leases and Rents were executed by Defendants in favor of Madison. (True and accurate copies of the Madison Deed of Trust and the Assignment of Leases and Rents are annexed hereto as Exhibits B and C, respectively).

7.  Madison and Defendants agreed that the collateral granted in the Madison Deed of Trust would include the property owned by SE Marina (the "Marina Property"), the property owned by Bellaire Mall, (the "Mall Property"), and property owned by Pirate's Lake (the "Pirate's Lake Property"). More specifically, Madison and Defendants intended that Madison would have a first lien on the Marina Property and a second lien on the Mall Property and Pirate's Lake Property.

8.  At Defendants' direction, a portion of the proceeds from the Madison loan, totaling $4,476,618.88, were used to pay off a Deed of Trust lien in favor of Texas Capital Bank covering the Marina Property. (A true and accurate copy of the Texas Capital Bank Deed of Trust is annexed hereto as Exhibit D).

9.  Texas Capital Bank subsequently executed a Release of Deed of Trust Lien and a Corrected Release of Deed of Trust Lien, both dated effective February 1, 2007, releasing its Deed of Trust lien on the Marina Property. (True and accurate copies of the Release of Deed of

2

Trust Lien and Corrected Release of Deed of Trust Lien are annexed hereto as Exhibits E and F, respectively).

10. At Defendants' direction, a portion of the proceeds from the Madison loan, totaling $3,200,000.00, was used to pay off a Deed of Trust lien in favor of Harry and Barbara Lee covering both the Marina Property the Pirate's Lake Property.

11. Harry and Barbara Lee subsequently executed a Release of Lien dated effective January 19, 2007, releasing their Deed of Trust lien on the Marina Property and the Pirate's Lake Property. (A true and accurate copy of the Release of Deed of Lien is annexed hereto as Exhibit G).

12. As reflected by the property descriptions attached to the Texas Capital Bank and Harry and Barbara Lee releases, the property description for the Marina Property describes four tracts, including Reserves "B", "C", "D", and "E" of Marina Del Sol, Reserve "A-1" of Marina on the Lake Subdivision and certain easements (collectively, the "Marina del Sol Property").

13. Madison and Defendants intended that the Madison Deed of Trust and the Assignment of Rents cover the entire Marina del Sol Property. The property description attached to the Madison Deed of Trust and Assignment of Rents, however, only refers to Reserve "A-1" of Marina on the Lake Subdivision. Inadvertently, the description for the remainder of the Marina Del Sol Property, including Reserves "B", "C", "D", and "E" of Marina Del Sol and the associated easements, was not included in the description attached to the Madison Deed of Trust and Assignment of Rents. As such, the property description fails to express the true intent of the parties.

14. The parties to the Madison Deed of Trust and Assignment of Rents clearly intended that the Madison Deed of Trust and Assignment of Rents encumber the entire Marina

3

del Sol Property. (The correct property description of the Marina del Sol Property is annexed hereto as Exhibit H).

15. However, an incomplete property description, covering only a portion of the Marina del Sol Property, was mistakenly attached to the Madison Deed of Trust and Assignment of Rents.

16. The granting of a lien on the Marina Property, including the entire Marina del Sol Property, was a material inducement by Defendants to Madison to enter into the loan transaction.

### AS AND FOR A FIRST CAUSE OF ACTION
(Reformation – Mutual Mistake)

17. Madison repeats and realleges the allegations contained in paragraphs numbered "1" through "16" as if set forth at length herein.

18. The failure of the Madison Deed of Trust and Assignment of Rents to evidence the true intent of the parties was due to a mutual mistake by both Madison and the Defendants that occurred in the process of reducing the Madison Deed of Trust to writing.

19. By virtue of this mutual mistake, Madison is entitled to a judgment reforming the Madison Deed of Trust to reflect that the entire Marina Property, including all portions of the Marina del Sol property, are encumbered thereby.

### AS AND FOR A SECOND CAUSE OF ACTION
(Mutual Mistake – Unilateral Mistake with Fraud)

20. Madison repeats and realleges the allegations contained in paragraphs numbered "1" through "16" as if set forth at length herein.

21. In the alternative, and upon information and belief, Defendants were aware prior to or at the time of the execution of the Madison Deed of Trust that the property description attached to the Madison Deed of Trust was incomplete and, as such, it did not represent the agreement and understanding of the parties.

4

22. Madison relied on the accuracy and completeness of the property description of the Madison Deed of Trust.

23. Madison would not have completed the transaction with Defendants had it been apprised of the mistake in the property description of the Madison Deed of Trust.

24. Upon information and belief, Defendants intentionally withheld their knowledge of the mistake in the property description of the Madison Deed of Trust from Madison, in a conscious and intentional effort to cause Madison to complete the transaction with incomplete property descriptions annexed to the Madison Deed of Trust.

25. By failing to notify Madison of the mistake in the Madison Deed of Trust, Defendants fraudulently enabled and induced Madison to complete the loan transaction without obtaining a security interest in the entire Marina Property, including all portions of the Marina del Sol Property, as intended by the parties.

26. By virtue of the unilateral mistake and Defendants' fraudulent conduct which enabled and caused it, Madison is entitled to a judgment reforming the Madison Deed of Trust to reflect that the entire Marina Property, including all portions of the Marina del Sol property, are encumbered thereby.

45468/0010-3109994v1

WHEREFORE, Madison demands judgment against the Defendants reforming the Madison Deed of Trust to reflect that the entire Marina Property, including all portions of the Marina del Sol property, are encumbered thereby, and all such other and further relief that this Court deems just, necessary and proper.

DATED:  New York, New York
April 30, 2008

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By: _____
Leo V. Levy
Ross J. Ellick
Attorneys for Plaintiff
Madison Realty Capital, L.P.
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000

TO:

SE MARINA WAY PARTNERSHIP, L.P.
c/o Bernie Ray, Registered Agent
4550 Post Oak Place
Suite 112
Houston, Texas 77027

PIRATE'S LAKE LTD.
c/o David Hannah, Registered Agent
9639 Judalon Lane
Houston, Texas 77063

7500 BELLAIRE MALL L.P.
c/o Bernie Ray, Registered Agent
4550 Post Oak Place
Suite 112
Houston, Texas 77027

## VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

JOHN J. SOREL, being duly sworn, deposes and states that he is a Managing Director of Madison Realty Capital Advisers, the authorized servicer for plaintiff Madison Realty Capital, L.P., and is authorized to make this verification on plaintiff's behalf; that he has reviewed the Verified Complaint dated April 29, 2008 and the same is true to his own personal knowledge, except as to matters therein stated on information and belief and, as to those matters, he believes them to be true.

                                    MADISON REALTY CAPITAL
                                    ADVISORS, LLC, authorized servicer for
                                    MADISON REALTY CAPITAL, L.P.

                                    By:    John J. Sorel
                                    Title: Managing Director

Sworn to before me this
29th day of April, 2008.

_____
Notary Public

SHOSHANA T. CARMEL
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01CA6153596
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES OCT. 10, 2010

7

45468/0010-3109994v1