```
USDS SDNY
DOCUMENT                    Crossty
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 2 7 2008
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

MADISON REALTY CAPITAL, L.P.,

        Plaintiff,

-against-

TRACY SUTTLES,

        Defendant.

----------------------------------------

Index No. 08 CV 4194 (PAC)(MHD)

STIPULATION AND ORDER
OF Dismissal

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Madison Realty Capital, L.P. ("Madison") and defendant Tracy Suttles ("Suttles"), by their respective undersigned counsel, that, with the Court's approval, Madison's Order to Show Cause seeking a preliminary injunction in this action is resolved as follows:

    1.    Suttles, individually and on behalf of SE Marina Way Partnership, LP ("SE Marina Way"), Pirate's Lake, Ltd. ("Pirate's Lake"), and 7500 Bellaire Mall, LP ("Bellaire Mall"), agrees to the reformation of that certain Deed of Trust and Security Agreement dated January 29, 2007 (the "Deed") as sought in the action commenced by Madison against SE Marina Way, Pirate's Lake, and Bellaire Mall in the Supreme Court of the State of New York, County of New York, under Index Number 601304/2008 (the "Reformation Action"). Furthermore Suttles, individually and on behalf of SE Marina Way, Pirate's Lake, and Bellaire Mall, agrees to execute immediately all documents required to effectuate this agreed upon reformation, including, but not limited to, the execution of an Amended Deed of Trust or Corrected Deed of Trust. Suttles further acknowledges that this reformation is administrative in nature and that the reformed instrument reflects the original intent of the parties to the Deed and the Loan Documents and agrees to execute a Stipulation of Settlement of the Reformation Action reflecting these facts.

2. Suttles acknowledges that Madison is free to pursue any and all claims available to it in the action entitled In re Urban Mall Houston LLC, 07-35487, pending in the United States Bankruptcy Court for the Southern District of Texas (the "Urban Mall Bankruptcy"). Suttles further acknowledges that any actions taken by Madison in connection with the Urban Mall Bankruptcy are at the sole and absolute discretion of Madison.

3. Madison and Suttles agree to take no further action, including, but not limited to the issuance of any statutory notices, with respect to the above-captioned action, the action commenced by Madison against Suttles, SE Marina Way, Pirate's Lake, Bellaire Mall, 6425 Gess Ltd. ("Gess"), Wildflower TDS, L.P. ("Wildflower"), Shalamar San Marcos Properties, Ltd. ("Shalamar"), Windsor TDS, L.P. ("Windsor"), and 9632 Partners, Ltd. ("9632 Partners") (collectively, the "Borrowers") in the Supreme Court of the State of New York, County of New York under Index Number 601305/2008 (the "Note Action"), and any non-judicial or judicial foreclosure proceedings in Texas until July 15, 2008 (the "Standstill Period"). Notwithstanding the foregoing Standstill Period, Madison is free to record the documents required to effectuate the reformation of the Deed immediately upon execution with the appropriate Texas authorities. Madison is also free to make administrative filings in connection with the Note Action and the Reformation Action, including, but not limited to, filing proofs of service and stipulations of adjournment, settlement and/or discontinuance in the New York State Supreme Court, during the Standstill Period. Furthermore, Suttles is free to file a Notice of Removal with respect to the Note Action during the Standstill Period.

4. In the event that Borrowers seek to pay off their indebtedness to Madison during the period from the date of this Stipulation and Order until August 31, 2008, the following payment schedule (the "Payment Schedule") will apply:

2

    (a)    If payment is made on or before May 31, 2008, the Borrowers shall pay Madison $10,350,000;

    (b)    If payment is made on or before June 30, 2008, the Borrowers shall pay Madison $10,450,000;

    (c)    If payment is made on or before July 15, 2008, the Borrowers shall pay Madison $10,500,000;

    (d)    If payment is made on or before July 31, 2008, the Borrowers shall pay Madison $10,550,000;

    (e)    If payment is made on or before August 31, 2008, the Borrowers shall pay Madison $10,650,000;

    (f)    In the event that Borrowers do not pay Madison in full in accordance with the Payment Schedule by August 31, 2008, Madison will be free to seek to collect all amounts available under the applicable Loan Documents and the Payment Schedule will be null and void and have no effect.

5. Suttles, individually and on behalf of the Borrowers, agrees to accept service of process in the Note Action and Reformation Action, by service of the same by electronic mail on his undersigned counsel. Suttles further agrees not to raise venue, jurisdictional or service of process based defenses in this action, the Note Action or the Reformation Action. Madison agrees that in the event Suttles seeks to remove the Note Action to the United States District Court for the Southern District of New York, Madison will not object to such removal.

6. Suttles, individually and on behalf of his agents, employees, representatives, and all those acting in concert with and on behalf of him, agrees, during the pendency of this action, to refrain from transferring, hypothecating, selling, pledging, assigning or otherwise disposing of his ownership interests in SE Marina Way or SE Marina Way, LLC, or any and all of the assets, accounts, property, cash flow, rents, income, profits, deposits, receivables, fees, investments, contracts, books and records of SE Marina Way and SE Marina Way, LLC. Notwithstanding the foregoing restraints, Suttles and the applicable entities will be permitted to operate the marina property in the regular course of business and to pay business and operational expenses in the

ordinary course. Furthermore and notwithstanding the foregoing restraints, Suttles, upon three (3) business days written notice to Madison's undersigned counsel, may make a payment to a prospective new lender for a commitment and/or deposit fee in connection with refinancing Borrowers' indebtedness to Madison, such payment not to exceed $50,000.

7. Suttles agrees to provide a complete rent roll and all accounting related information with respect to the operation of the marina property, commencing with such date that Suttles regained operational control from a receiver in early April 2008, and on a monthly basis going forward. Suttles shall provide the above-described financial reporting to Madison within fifteen (15) days of the end of each month.

8. Suttles, individually and on behalf of Borrowers, reaffirms and acknowledges the validity of Borrowers' indebtedness to Madison under the applicable Loan Documents, Borrowers' default thereunder, and the validity of Madison's acceleration of the indebtedness, as previously set forth in greater detail in the Forbearance Agreement dated September 18, 2007 (the "Forbearance Agreement").

9. Suttles agrees that, in the event Suttles personally or SE Marina Way files for bankruptcy protection during the Standstill Period, the Standstill Period and Payment Schedule set forth in this Stipulation and Order are immediately null and void and Madison shall be free to seek all remedies and amounts available under the applicable Loan Documents, including the Amended and/or Corrected Deed of Trust executed in accordance with item number 1 above.

10. Suttles, individually and on behalf of Borrowers, reaffirms and acknowledges his waiver and release of all claims against Madison with respect to any claims arising under the Loan Documents as previously set forth in greater detail in the Forbearance Agreement.

4

11. Suttles, individually and on behalf of Borrowers, represents and warrants that title to the marina property, including Reserves A-1, B, C, D and E, is still held by SE Marina Way.

Dated: New York, New York
       May 20, 2008

| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. | MEYNER & LANDIS LLP |
|---|---|
| By: /s/ Leo V. Leyva | By: See Pg 6 |
| Leo V. Leyva (LL-9061) | David B. Grantz (DG-    ) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Madison Realty Capital, L.P. | Tracy Suttles |
| 900 Third Avenue | One Gateway Center |
| 16th Floor | Suite 2500 |
| New York, New York 10022 | Newark, New Jersey 07102 |
| (212) 752-8000 | (973) 624-2800 |

SO ORDERED:

_See Pg 6_
Hon. Paul A. Crotty, U.S.D.J.

45468/0010-3110337v3

11.  Suttles, individually and on behalf of Borrowers, represents and warrants that title to the marina property, Including Reserves A-1, B, C, D and E, is still held by SE Marina Way. *The Clerk of Court is directed to close this case.*

Dated: New York, New York
       May 20, 2008

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

By: *See Pg 5*
Leo V. Leyva (LL-9061)
Attorneys for Plaintiff
Madison Realty Capital, L.P.
900 Third Avenue
16th Floor
New York, New York 10022
(212) 752-8000

MEYNER & LANDIS LLP

By: *[signature]*
David B. Grantz (DG-*PG7*)
Attorneys for Defendant
Tracy Suttles
One Gateway Center
Suite 2500
Newark, New Jersey 07102
(973) 624-2800

SO ORDERED: MAY 2 7 2008

*[signature]*
Hon. Paul A. Crotty, U.S.D.J.

45468/0010-3110937v3